IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAJAUN SAUNDERS,  :
:
    Plaintiff  :
: CIVIL NO. 1:CV-16-0639
  vs.  :
: (Judge Caldwell)
LISA A. SWIFT, *et al.*,  :
:
    Defendants  :

*M E M O R A N D U M*

I. *Introduction*

      The pro se plaintiff, Dajaun Saunders, a former Pennsylvania inmate, filed this 42 U.S.C. § 1983 action, asserting that the defendants wrongly kept him in custody for eleven days after we granted him bail in connection with a 28 U.S.C. § 2254 petition he had filed.  The petition challenged a DUI conviction imposed in the Court of Common Plea of Lackawanna County, Pennsylvania.

      The defendants are: (1) Lisa Swift, an assistant district attorney in Lackawanna County who represented the respondents on the 2254 petition; (2) Alice Emmett, alleged to be the inmate records supervisor at the state correctional institution in Waymart, Pennsylvania, where Plaintiff had been confined when he filed his 2254 petition; and (3) Sherry Barbour,[1] supervisor of records at the state correctional institution in Camp

---

[1] Plaintiff misspells Barbour's name as "Barber" in the complaint.  We will use the correct spelling.

Hill, Pennsylvania.[2]  Plaintiff makes claims under the Fourth, Eighth and Fourteenth Amendments.

Presently before the court is Swift's motion to dismiss the complaint, arguing that Saunders has failed to state a claim upon which relief can be granted and that she is entitled to absolute prosecutorial immunity.[3]  For the reasons that follow, we will deny the motion and issue a scheduling order.

II. *Standard of Review*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)(quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are

---

[2]  Plaintiff had also named as defendants the Pennsylvania Board of Probation and Parole and the Pennsylvania Department of Corrections, but we dismissed those defendants by order of April 26, 2016.  (Doc. 5).

[3]  Barbour and Emmett filed an answer.

not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964. Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

The court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, and indisputably authentic documents. *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)(citation omitted).

III.    *Background*

Plaintiff alleges as follows. On December 19, 2013, he filed in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction in

the Court of Common Plea of Lackawanna County, Pennsylvania, for driving under the influence (DUI) of alcohol.  *Saunders v. Asure*, No. 13-CV-3056 (M.D. Pa.)(Caldwell, J.). On February 12, 2016, we vacated the conviction.  *See Saunders v. Asure*, No. 13-CV-3056, 2016 WL 561947 (M.D. Pa. Feb. 12, 2016).

Plaintiff filed a motion for bail in the habeas proceedings.  (ECF No. 66, No. 13-CV-3056).  On March 8, 2016, Swift, representing the respondents, answered the motion by asserting she did not oppose it, and by allegedly also stating "that she was aware that the Plaintiff had no detainers, warrants, or other cases pending that would prevent him from being released on bail."  (ECF No. 1, p. 9, Complaint).  The "Response" to Plaintiff's motion, attached to the Complaint as Exhibit A, does say that Respondents do not oppose bail, but also only says that in  the bail motion Plaintiff "indicate[s]" he "has no other offense holding him in custody or detainers lodged against him . . . ."  (*Id.*, Ex. A, p. 16).

At the time, Saunders was housed at SCI-Waymart.  On March 15, 2016, he packed up his property so that he could be transported to SCI-Camp Hill for his bail hearing.  (*Id.*, p. 9).  Before leaving, anticipating release on bail, Plaintiff spoke to his counselor about contacting the records department at the prison so that he need not return. (*Id.*, pp. 9-10).  His counselor contacted defendant Emmett, the records supervisor at SCI-

Waymart.  She replied that if Saunders were granted bail, "Plaintiff would be released from SCI-Camp Hill, because there was nothing else holding Plaintiff in custody."  (*Id.*, p. 10).[4]

On March 21, 2016, Saunders was taken from SCI-Camp Hill to his bail hearing.  At that time, we issued an order setting the conditions of Saunders' release.  (ECF No. 75, No. 13-CV-3056).  At the conclusion of the hearing, the undersigned advised the correctional officers who had escorting Plaintiff to the bail hearing that the bail order meant that he was "to be released today."  (ECF No. 1, p. 10).

After Emmett was notified that Plaintiff had been granted bail, she did nothing to have him released, "and stated that the Pennsylvania Parole Board was responsible for releasing Plaintiff . . . ."  (*Id.*, p. 5).  However, Plaintiff alleges that the Board had no jurisdiction once bail was granted, and Emmett knew it was her responsibility to release Plaintiff once bail was granted, but she chose not to, and told Swift "that Plaintiff had another sentence to serve."  (*Id.*).  Emmett also stated that Swift "informed her that [Plaintiff] was not to be released."  (*Id.*, p. 12).

Plaintiff alleges that Swift "refused to release Plaintiff . . . knowing that he had no other sentence to serve, no warrants, or detainers," as shown by her Response to his bail motion.  (*Id.*, p. 5).  "Defendant Swift was aware of who could release Plaintiff and chose not to do it and told the Department of Corrections Staff not to do it."  (*Id.*).  Plaintiff

---

[4] Saunders had a conviction in the Court of Common Pleas of Monroe County, Pennsylvania.  He filed an unopposed motion for parole on that sentence.  (*Id.*, pp., 19-21).  By order of the Monroe County court on January 20, 2016, Saunders was "placed on parole for the balance of his term, under and subject to the terms and conditions of any sentence he is currently serving, and any detainer lodged against [him] as a result of said sentence is hereby lifted." (*Id.*, p. 19).

also alleges that he spoke with Swift on the phone on April 1, 2016, and she said at that time that the Department of Corrections told her he had another sentence to serve.  (*Id.*, p. 13).

After Plaintiff returned to SCI-Camp Hill on March 21, he was told "by a lady from the Records Department . . . that he would not be released" that day because they had to confirm that the bail order was genuine and determine if he had any warrants or detainers.  (*Id.*, p. 10).

By way of his unit counselor at SCI-Camp Hill, Plaintiff contacted defendant Barbour, the records supervisor at Camp Hill.    Barbour stated they could not release him because it was the Parole Board's decision.  (*Id.*, p. 11).  Conversely, as Plaintiff alleges, the Board's agent at Camp Hill stated it was the responsibility of the records department, not the Board.  (*Id.*).  "These emails went back and forth from March 21, 2016 thru March 31, 2016 at SCI-Camp Hill and SCI-Waymart."  (*Id.*).

Plaintiff called the Office of the Clerk of Court for the Middle District.  A clerk there told him that Swift told them that he still had a criminal sentence to serve and that only the "civil sentence was vacated."  (*Id.*).  Swift said this even though she  knew he had no other sentence to serve and that he was to be released.  (*Id.*).

IV.    *Discussion*

In moving to dismiss, Swift makes a pleading argument, that the allegations against her lack factual sufficiency, are vague and incomplete, and fail to put her on notice of the claims against her. Defendant points to the allegation that "Defendant Swift was

-6-

aware of who could release Plaintiff and chose not to do it and told the Department of Corrections Staff not to do it." Defendant contrasts that allegation with Swift's response to the bail motion, which indicates that Swift in fact had no objection to Plaintiff's release. Defendant adds that the complaint appears to allege that Swift "has power over the Department of Corrections," an allegation Defendant asserts "is clearly erroneous." (Doc. 16, Br. in Supp. at p. 4).

In opposition, Plaintiff argues that his allegations are sufficient because he alleges that Swift told the Department of Corrections not to release him, which is the opposite of what she said in her response to his bail motion.  Further, in that response Swift admitted she knew that he had no other sentences to serve.  Swift also falsely told a member of the Middle District Clerk's Office that Plaintiff still had a criminal sentence to serve.

We agree with Plaintiff that he has adequately pled his claims against Swift. To successfully state a § 1983 claim, a plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the laws or the Constitution of the United States.  *Rehberg v. Paulk*, ___ U.S. ___, ___, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014).  Here, Plaintiff's allegations sufficiently allege that Swift's conduct deprived him of a constitutional right.

Plaintiff affirmatively alleges that Swift "refused to release Plaintiff," that she told "the Department of Corrections Staff not to do it," and that Emmett also stated that Swift "informed her that [Plaintiff] was not to be released." These allegations are sufficient at the pleading stage.[5]

Swift argues that the complaint wrongly implies that she has "power" over the Department. But she need not have power over the Department to be liable, only to have engaged in conduct that makes her liable under section 1983. We cannot conclude at this stage of the case, and on the argument presented, that she has not engaged in such conduct. We note that Swift did not buttress her argument with any legal authority indicating that a prosecutor in Pennsylvania could never have influence over whether an inmate should be released.[6]

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 22, 2017

---

[5] We reject Plaintiff's argument that Swift's response to his bail motion indicates she knew he had no other sentence to serve. In that response, Swift only assumed that what Plaintiff was alleging in his bail motion about not having to serve any future time was correct; she was not agreeing with his allegations.

[6] Swift also moved to dismiss based on absolute prosecutorial immunity. The brief in support argues this point only superficially, so we decline to address it. Swift can renew the argument later, if she provides greater detail.